UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KENNETH WAYNE LEWIS, :
:
    Petitioner, : Civ. No. 17-0330 (RBK)
:
v. :
:
JAMES LEWIS, et al., : **OPINION**
:
    Respondents. :
:

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Petitioner, is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner's application to proceed *in forma pauperis* will be granted based on the information provided therein. For the reasons that follow, the habeas petition will be summarily dismissed.

## II.    BACKGROUND

This Court laid out the factual background of petitioner's federal conviction and sentence in a previous case filed by petitioner:

> Petitioner went to trial on a fifteen count indictment in the United States District Court for the Central District of Illinois. (*See* C.D. Ill. Crim. No. 12-10082) Counts 1-4 were for wire fraud and Counts 5-15 were for money laundering. Petitioner was found guilty by a jury on all counts. He was sentenced to 151 months on the four wire fraud convictions and 120 months on the eleven money laundering convictions to be served consecutively to each other for a total of 271 months imprisonment. On appeal, the United States Circuit Court for the Seventh Circuit vacated petitioner's convictions for money laundering and remanded the matter back to the Central District of Illinois for resentencing on the four wire fraud count convictions. On August 22, 2016, the

> Central District of Illinois entered an amended judgment.
> Petitioner was resentenced on the four wire fraud count
> convictions to 135 months imprisonment.

*Lewis v. Lynch*, No. 16-7528, 2016 WL 7217600, at *1 (D.N.J. Dec. 13, 2016).

In October, 2016, petitioner filed a § 2241 habeas petition in this Court. (*See* Civ. No. 16-7528) That petition was summarily dismissed as petitioner was challenging his underlying criminal conviction and sentence and his claims did not fall within the *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1998). Indeed, petitioner failed to show that 28 U.S.C. § 2255 was inadequate or ineffective to bring his claims. *See Lewis*, 2016 WL 7217600, at *2.

Beginning in January, 2017, and supplemented with a plethora of additional supplemental filings, petitioner filed this instant federal habeas petition. Once again, petitioner challenges his underlying criminal convictions and sentence. Additionally, he requests monetary damages and notes that prison staff have interfered with his mail delivery which has prevented his access to the courts. Furthermore, he seeks that the undersigned be recused.

### III. STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant habeas petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of
> habeas corpus shall forthwith award the writ or issue an order
> directing the respondent to show cause why the writ should not be
> granted, unless it appears from the application that the applicant or
> person detained is not entitled thereto.

As petitioner is proceeding *pro se,* his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner,* 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero,* 502 F.3d 331, 334 (3d Cir. 2007) ( "we construe pro se pleadings liberally.") (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S .Ct. 594,

30 L.Ed.2d 652 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas,* 517 U.S. 314, 320 (1996).

## IV. DISCUSSION

A. <u>Request for Recusal</u>

Petitioner seeks that the undersigned be recused from being assigned to this case. (*See* Dkt. No. 3 at p. 6) It appears as if petitioner seeks recusal based on this Court's previous ruling that denied his previous habeas petition in Civ. No. 16-7528. Additionally, petitioner complains about the lack of action in this current case.

The legal standard for recusal of district court judges is codified in 28 U.S.C. §§ 144 and 455. Section 144 provides for recusal "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. To be "legally sufficient," the facts must "give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Cooney v. Booth,* 262 F. Supp. 2d 494, 501 (E.D. Pa. 2003) (quoting *Berger v. United States,* 255 U.S. 22, 33–34 (1921)). The court must accept all facts alleged in the affidavit as true, but need not accept the moving party's conclusions, conjecture, speculation or surmises. *Id.*

Under § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Such disqualification is crucial to maintaining "the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who

3

appears to be tainted." *Alexander v. Primerica Holdings. Inc.,* 10 F.3d 155, 162 (3d Cir. 1993) (quoting *In re Sch. Asbestos Litig.,* 977 F.2d 764, 776 (3d Cir.1992)). Consequently, even where the judge is not "subjectively biased or prejudiced," he must recuse himself under § 455 "so long as he appears to be so." *In re Community Bank of No. Va.,* 418 F.3d 277, 320 (3d Cir.2005) (quoting *United States v. Bertoli,* 40 F.3d 1384, 1412 (3d Cir.1994)). In other words, the judge must recuse himself if a "reasonable man ... would harbor doubts about the judge's impartiality." *Cmty. Bank,* 418 F.3d at 320 (citation omitted).

Petitioner's complaint with the undersigned appears to be that this Court dismissed his previous habeas petition, including the fact that the dismissal was at the screening stage. As this Court noted in its prior opinion, § 2243 gave this Court authority to dismiss the habeas petition at the screening stage. (*See* Civ. No. 16-7538 Dkt. No. 5 at p.2) Petitioner's dissatisfaction with the outcome of the litigation process and his habeas petition is not grounds for recusal. Furthermore, as described above, petitioner's current habeas petition is also subject to this Court's screening under § 2243. Therefore, petitioner's complaint that the defendants/respondents have not been ordered to answer his habeas petition in this case is unfounded as this Court had not permitted the habeas petition to proceed past screening at this point. Accordingly, petitioner's request for recusal will be denied.

B. <u>Challenge to Underlying Criminal Conviction and Sentence</u>

In his numerous filings, it appears clear that petitioner is challenging his underlying criminal conviction and sentence. His claims include that false evidence was used to convict him, that he was tried in the wrong venue, and challenges the pre-sentence report used in the context of arriving at his sentence, amongst his arguments. He requests the dismissal of the remaining criminal counts against him.

By raising such claims, petitioner is seeking to have this Court review the judgment of conviction and sentence entered by the Central District of Illinois arising from his federal criminal proceedings. Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle,* 535 F. App'x 87, 88 (3d Cir. 2013) (citing *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002)). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255." *Cradle,* 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade

5

procedural requirements." *Id.* at 539 (citing *In re Dorsainvil,* 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil,* the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.* The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke,* 307 F.3d at 120 (citing *Dorsainvil,* 119 F.3d at 251).

Petitioner does not allege facts to bring him within the *Dorsainvil* exception. He does not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Thus, this Court lacks jurisdiction to consider the instant habeas petition.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. It does not appear that petitioner has ever filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255

in the Central District of Illinois. Nevertheless, this Court finds that it is not in the interest of justice to transfer this petition to the Central District of Illinois at this time.[1]

C. Conditions of Confinement

Petitioner also appears to be complaining about the conditions of his confinement and how he has been treated while incarcerated. By way of example only, petitioner complains that his mail has been interfered with. (*See* Dkt. No. 1-2 at p.17) Additionally, petitioner complains about his access to courts. (*See id.* at p.90) Within his numerous documents, petitioner requests monetary damages. (*See id.* at p. 14)

These types of conditions of confinement claims are appropriately brought in a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Narcotics*, 403 U.S. 388 (1971), not as a supplement to a habeas petition under 28 U.S.C. § 2241. *See Woodruff v. Williamson,* 362 F. App'x 263, 266 (3d Cir. 2010); *see also Leamer v. Fauver,* 288 F.3d 532, 542 (3d Cir. 2002) ("[W]henever the challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—a challenge, however, denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement, such that a finding in plaintiff's failure would not alter his sentence or undo his conviction, [a civil rights action] is appropriate.").

Accordingly, these claims related to petitioner's conditions while incarcerated will be dismissed. *See Brown v. Warden Lewisburg USP*, 601 F. App'x 85, 86 (3d Cir. 2015) (finding district court properly dismissed habeas petition where petitioner raised claims associated with

---

[1] Nothing in this Opinion should be construed by petitioner as preventing him from filing a § 2255 motion in the Central District of Illinois for that court's consideration in the first instance should he elect to do so provided it is filed within the applicable statute of limitations.

his conditions of confinement since they are not cognizable habeas claims). The dismissal of these claims will be without prejudice to the assertion of such a claim properly filed in a *Bivens* action should petitioner elect to file one.

## V. CONCLUSION

For the foregoing reasons, the habeas petition is summarily dismissed. Petitioner's claims related to his conditions of confinement are dismissed without prejudice. An appropriate order will be entered.


DATED: May 19, 2017
s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge